**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-1832
_____

UNITED STATES OF AMERICA

v.

CHRISTOPHER JOHN KALISZ,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No.:  5-17-cr-00345-001)
District Judge:  Honorable Joseph F. Leeson, Jr.

_____

(Opinion filed April 3, 2019)

Before:  HARDIMAN, SCIRICA and RENDELL Circuit Judges

_____

O P I N I O N*

_____

**RENDELL**, Circuit Judge:

Appellant, Christopher John Kalisz, pled guilty to failing to register as a sex

offender.  He was sentenced to sixteen months in prison followed by five years of

_____

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

supervised release. On appeal, Kalisz argues that his sentence was procedurally unreasonable. Finding no error, we will affirm the District Court's sentencing order.

I.

Kalisz pled guilty to forcible touching in New York, a conviction that required him to register as a sex offender. While still in New York, he was charged with failing to register three times. Kalisz pled guilty to the first two offenses, with one resulting in a six month prison sentence, and the third offense was still pending at the time of the District Court's ruling.

An employment agency in Allentown, PA notified the U.S. Marshals Service that Kalisz, who was an employee, may be an unregistered sex offender. The agency reported that he had listed a Pennsylvania home address on his employment application. After an investigation, the Marshals Service determined that Kalisz had left New York, moved to Pennsylvania, and obtained a Pennsylvania driver's license. Through the Pennsylvania State Police, the Marshals Service also discovered that Kalisz had never registered as a sex offender in Pennsylvania, as required by 18 U.S.C. § 2250(a). U.S. Marshals arrested Kalisz, and he pled guilty to violating that statute.

The District Court determined the guideline sentencing range for Kalisz to be ten to sixteen months, which was based on an offense level of ten and a criminal history category of three. Kalisz requested a downward variance for his sentence because, he argued, his major depressive disorder contributed to his failing to register as a sex offender. Before sentencing, the District Court ordered a psychiatric, psychological, and

2

substance abuse evaluation of Kalisz. Dr. Jeffrey E. Summerton performed the evaluation and reported his findings to the Court, confirming Kalisz's diagnosis of major depressive disorder.

After hearing the parties' arguments and considering Dr. Summerton's report, the District Court denied Kalisz's request for a downward variance and sentenced Kalisz to sixteen months in prison with a supervised release period of five years. Although it recognized Kalisz's diagnosis of major depressive disorder, the Court found the record did not "show that this disorder caused [Kalisz] to be unable to comply with [his] registration requirements." A. 77. In doing so, the Court stated:

> [T]here's no evidence or opinion testimony from [Kalisz's] treating physician or mental health professionals that suggests that [his] conduct in failing to register is a product of that depression, and without that kind of evidence I have only mere allegations that [Kalisz's] mental health treatment explains [his] conduct, but allegations alone don't justify the variance that [Kalisz is] requesting.

*Id.* Further, the District Court found that the nature of the offense and Kalisz's prior history of failing to comply with his legal obligations "justif[ied] a substantial sentence." A. 77. This appeal followed.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 18 U.S.C. § 3742(a). We review procedural errors in district court sentencings for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 46 (2007). Our review "is limited to determining whether [the sentencing orders] are reasonable." *Id.*

3

III.

On appeal, Kalisz urges that the sentencing order issued by the District Court is procedurally unreasonable because the District Court failed to address the defense's arguments during the sentencing proceedings. Specifically, he argues: *first*, the District Court ignored the argument that Kalisz's depression is relevant to understanding his history, characteristics, and prior record; *second*, the District Court misconstrued the argument that Kalisz's depression and alcohol abuse contributed to the current offense; and *third*, the District Court erred in concluding that the defense's arguments regarding Kalisz's depression and alcohol abuse were "mere allegations."

We have instructed district courts to follow a three-step process at sentencing. *See United States v. Fisher*, 502 F.3d 293, 307–08 (3d Cir. 2007) (quoting *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006)). They must (1) calculate the applicable Guidelines range; (2) rule on all motions for a departure, with an explanation of how the granted departure affects the calculation; and (3), after allowing for party argument, consider all §3553(a) factors and determine an appropriate sentence, which may vary upwards or downwards from the Guidelines range. *See id.* at 308. When reviewing whether a district court properly conducted the third step, "we apply a deferential standard, the trial court being in the best position to determine the appropriate sentence in light of the particular circumstances of the case." *United States v. Hankerson*, 496 F.3d 303, 308 (3d Cir. 2007) (internal quotation marks omitted) (quoting *United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006)). In order for a district court's sentence to be deemed procedurally reasonable, the record must show that the district court

4

meaningfully considered the § 3553(a) factors; however, it does not need to make explicit findings on every individual factor as long as the record reflects that the district court considered all of them. *See United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007). Moreover, the district court only needs to set forth enough to show it "'has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision making authority.'" *Id.* (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). The district court need not consider clearly meritless arguments. *See id.* Lastly, the party challenging the sentence "has the burden of demonstrating unreasonableness." *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

We disagree with Kalisz's first claim that the District Court ignored his argument that his depression is relevant to understanding his history, characteristics, and prior record. The District Court acknowledged Kalisz's history of depression, diagnosis of major depressive disorder, and Dr. Summerton's report. However, the District Court found that Kalisz did not present evidence or opinion testimony that showed how his depression was relevant to his conduct. Instead, the Court noted Kalisz's previous "failure[s] to comply with [his] legal obligations," including his repeated failures to register in New York and his failed compliance with "the conditions of [his] supervised release." A. 77–78. The Court determined "[Kalisz's] conduct suggest[ed] a persistent disregard for [his] legal obligations." A. 78. As mentioned above, a district court only needs to show it has considered the parties' arguments and has a reasoned basis for its decision. Here, the District Court showed it considered the relevance of Kalisz's

5

depression in regard to his history, characteristics, and prior record and had a reasoned basis for denying Kalisz's variance request.

We also disagree with Kalisz's claim that the District Court misconstrued his argument that his depression and alcohol abuse contributed to the current offense. Kalisz's argument below was simple: Kalisz deserved leniency because his depression and alcoholism contributed to a spiraling failure to meet many obligations, including those underlying this prosecution. The District Court acknowledged Kalisz's diagnosis of major depressive disorder and his positive response to recent treatment and found it did not justify a variance. The District Court also considered Kalisz's alcohol problems and included requirements that he refrain from alcohol and participate in an alcohol treatment program as part of his sentence. Thus, the District Court did not misconstrue Kalisz's argument.

Finally, we disagree with Kalisz's claim that the District Court erred by concluding that his arguments were "mere allegations." We recognize that Kalisz's counsel made an argument that Kalisz's major depressive disorder and alcohol abuse contributed to his failure to register; however, Dr. Summerton's report merely describes those problems and lists recommended treatment options. The report does not make any specific findings that they caused or contributed to his failure to register. Because the record does not contain support for Kalisz's assertions, the District Court acted reasonably when describing his arguments as "mere allegations."

## IV.

For the foregoing reasons, we will affirm the sentencing order of the District Court.